

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2006

# Ferron v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4712

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ferron v. Atty Gen USA" (2006). *2006 Decisions.* Paper 272.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/272

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4712
_____

NICHOLAS FERRON,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A21 032 995
on September 27, 2005
Immigration Judge Walter A. Durling

_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2006

Before: FISHER, ALDISERT and WEIS, <u>CIRCUIT</u> <u>JUDGES</u>.

(Filed October 31, 2006)
_____

OPINION
_____

PER CURIAM

Nicholas Ferron petitions from an order of the Board of Immigration Appeals (BIA) affirming without opinion an order of removal entered by an Immigration Judge (IJ). In particular, he challenges the IJ's decision to deny him relief under former § 212(c) of the Immigration and Nationality Act[1] (INA).

Ferron is a native and citizen of Jamaica. He entered the United States in 1976, married, and adjusted his status to permanent resident in 1978. He was granted a § 212(c) waiver in 1994, but had a second drug conviction and was placed in removal proceedings, charged with having committed an aggravated felony. Ferron applied for a second § 212(c) waiver. Ferron did not contest the fact that he was convicted in both 1989 and 1995 of drug offenses, but contested his guilt, stating that the drugs were planted by rogue police officers. The IJ noted that there was apparently some investigation regarding the convictions, but recognized that he lacked the authority to look behind the facts of the convictions. The IJ considered the equities, primarily Ferron's caring relationship with his children, but found that the equities were not so "unusual" or "outstanding" as to overcome his two serious convictions. The IJ then denied § 212(c) relief as an exercise of discretion. The BIA affirmed without opinion.

---

[1] Section 212(c), formerly codified at 8 U.S.C. § 1182(c), was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).

Our jurisdiction is limited by 8 U.S.C. § 1252(a)(2)(C) because of Ferron's controlled substance violations, but, under the REAL ID Act of 2005, we may review questions of law and constitutional issues, 8 U.S.C. § 1252(a)(2)(D). See Jordan v. U. S. Attorney General, 424 F.3d 320, 327 (3d Cir. 2006). However, "[F]actual or discretionary determinations continue to fall outside [our] jurisdiction." Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006); 8 U.S.C. § 1252(a)(2)(B).

Shortly after Ferron filed his petition in this Court, the Government filed a motion to dismiss, arguing that this Court lacked jurisdiction over the petition because Ferron had not raised any constitutional violation or question of law. A panel of this Court referred the motion to dismiss to this merits panel, finding that the motion was premature, as Ferron could raise a reviewable constitutional issue or question of law in his brief.

Ferron has now had the opportunity to raise any reviewable questions in his appellate brief. He has not raised any legal or constitutional issues. Although he states that the IJ erred "as a matter of law" in denying him relief, his argument alleges that the IJ failed to properly weigh the equities and consider the relevant facts. In essence, Ferron argues that the IJ abused his discretion in denying him relief, and we lack jurisdiction to

3

consider the IJ's discretionary decision.[2]  We will therefore grant the Government's

motion to dismiss the petition.

---

[2]Ferron also argues that "the failure to commit an evidentiary hearing under INA § 212(c) is a denial of due process;" however, it is clear from the record that an evidentiary hearing was held.  We find that Ferron has raised no cognizable claim of a constitutional violation.